McCREADY, Respondent, v. VAKINER et al, Appellants.

(168 N. W. 579).

(File No. 4287.    Opinion filed July 22, 1918.    Rehearing denied September 6, 1918.)

1.  **Sales—Purchase of Stallion—Guarantee of Services—Breach of Warranty—Rescission—Evidence of Value, Necessity—Instruction.**

In a suit by purchaser of a stallion, defendant's vendors having guaranteed that, providing certain rules were conformed to in the care and handling of the stallion, it would, for two years possess certain ability as a foal getter, the complaint alleging breach of warranty, valuelessness of the stallion and demanding recovery of purchase price and value of keep of the stallion, and that before expiration of said period, plaintiff offered to return stallion, but defendants refused, held, the proof was insufficient to sustain verdict on theory of breach of warranty, there being none that the stallion was of no value; trial court having instructed that plaintiff, if entitled to recover, was entitled to full purchase price of stallion, no reference to a rescission

being made; thereby assuming, without proof thereof, the warranty was broken and the stallion was valueless; and that, if it considered the action one for rescission, it assumed the evidence proved rescission.

2. **Same—Purchaser's Suit on Warranty of Stallion's Services—Rescission—Warranty, Whether a Condition—Statute—Assumption as to Issue re Rescission.**

In a suit by vendor against vendees of a stallion, for damages for breach of warranty that, providing certain rules were conformed to in care of handling of the stallion, it would for two years possess certain ability as a foal getter; the complaint alleging an offer to return the stallion and refusal thereof by defendants; there being neither allegation nor proof of any fact upon which plaintiff could rescind unless it were held that the warranty was "intended by the parties to operate as a condition" under Civ. Code, Sec. 1340, the Supreme Court will on appeal assume (but not decide) that the warranty or guarantee was intended by the parties to operate as a condition; since defendants-appellants have raised no question but that, had there been breach of warranty and respondent had acted in time, he could have rescinded the contract.

3. **Same—Purchase Price of Stallion, Damages for Keep—Rescission—Ratification—Keeping Stallion After Offer to Rescind, Effect—Directed Verdict, Right To.**

In a suit for damages by vendor under purchase of stallion and for his keep, based upon a rescission of a contract for failure of the animal to make good for two years a warranty as to his services; plaintiff, after keeping the stallion a year and a half before attempting rescission, having thereafter treated it as his own for breeding purposes, held, defendants' vendor was entitled to directed verdict, because if right to rescind ever existed, evidence showed it was waived through delay in rescinding, after knowledge of facts relied upon as entitling to rescind, and because also after such attempt, vendor, by using the animal, ratified the contract.

4. **Appeals—Review—Certificate to Settled Record, re Evidence—Sufficiency of Evidence, Whether Reviewable—Statute.**

Where a certificate of trial judge to settled record recited that it contained "the evidence received and rejected so far as the same is necessary for the full determination of the errors specified," held, such certificate was sufficient under Laws 1913, Ch. 178, Sec. 3 Subd. 1, providing that a party specifying error as to insufficiency of evidence, shall see that all material evidence is incorporated into the settled record, and that clerk must procure from trial judge a certificate that such record "contains all the material evidence received upon the trial."

Gates, J., concurring specially.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by W. B. McCready, against August Vakiner and others, to recover damages under a contract for purchase of a stallion. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

N. D. Burch, for Appellants.

W. J. Hooper, for Respondents.

WHITING, P. J. Plaintiff purchased a stallion from defendants. Defendants guaranteed that, provided certain rules were conformed to in the care and handling of the stallion, such stallion would, for a period of two years, possess certain ability as a foalgetter. After the expiration of the two years plaintiff brought this action. The complaint alleged the breach of the warranty, that the stallion was of no value whatsoever, and demanded recovery of the purchase price together with the alleged value of the cost of keeping the stallion during the two-year period. In answer thereto the defendants admitted the warranty, but alleged a failure on the part of plaintiff to comply with the conditions upon which such warranty was based. At the opening of the trial the complaint was amended by the insertion of the further allegation that shortly before the expiration of the two-year period plaintiff offered to return the stallion to defendants, and that defendants refused such offer. The cause was tried to a jury, which rendered a verdict in favor of the plaintiff for an amount considerably in excess of the purchase price of the stallion. From the judgment entered upon such verdict and from an order denying a new trial this appeal was taken.

[1] We are somewhat at a loss to determine upon what theory the trial court tried this cause. The proof was insufficient to sustain any verdict on the theory of an action for damages for breach of the warranty because there was absolutely no evidence to show that the stallion was of no value, and the court in its instructions assumed that, if plaintiff was entitled to recover at all, he was entitled to recover the full purchase price of the stallion. On the other hand, there is nothing in such instructions that refers to the matter of rescission. It would therefore appear that the trial court, if it considered this an action on the warranty, assumed, without proof thereof, that, if the warranty was broken, the stal-

lion was of no value, or else, if it considered this an action based on rescission, assumed, as a matter of law, that the evidence proved a rescission. Respondent in his brief claims that he was entitled to recover because of a rescission of the contract. Unless he is correct in this claim, the trial court must be reversed.

[2] There was neither allegation nor proof of any fact upon which respondent could base a claim of right to rescind, unless it should be held that the guaranty or warranty contained in the contract of sale was "intended by the parties to operate as a condition," thus bringing it under the provisions of section 1340, C. C. We will, for the purposes of this appeal, assume, but not decide, that the warranty or guaranty was intended by the parties to operate as a condition. We feel at liberty to so assume in view of the fact that appellants have raised no question, but that, if there had been a breach of the warranty, and respondent had acted in time, he would have had the right to rescind the contract.

[3] Viewing this action as one seeking a recovery of the purchase price of the stallion and a recovery of damages for his keep, such recoveries being based upon a rescission of the contract of sale, was there reversible error committed by the trial court? That there was such error, we think, admits of no question. It is undisputed that respondent was fully advised, within a period of seven or eight months after entering into the contract, that the stallion failed to fulfill the warranty. After that respondent kept the stallion about a year and a half before he attempted any rescission. Even after the offer to rescind respondent treated the stallion as his own, using him for breeding purposes. Appellants asked for a directed verdict upon the ground that the evidence showed that the right to rescind, if it ever existed, had been waived by respondent through his delay in attempting to rescind after full knowledge of the facts relied upon as entitling him to rescind, and upon the ground that, after the attempted rescission and offer to return the stallion, respondent used him as his own, thereby ratifying the contract. If the trial court considered this an action based upon a claimed rescission, it was bound to sustain such motion for directed verdict. Appellants also raised the question of the sufficiency of the evidence by specifying its insufficiency to support the verdict. We deem it unnecessary to consider other errors assigned by appellants.

[4] Respondent contends that the certificate of the trial judge attached to the settled record was not sufficient to comply with subsection 1, § 3, c. 178, Laws 1913, and that therefore this court cannot rightfully consider any question of insufficiency of evidence. While such certificate does not follow the wording of the statute, it does appear therefrom that the settled record contained "the evidence received and rejected so far as the same is necessary for the full determination of the errors specified." We deem such statement in the certificate a sufficient compliance with the statute.

The judgment and order appealed from are reversed.

GATES, J. (concurring). I concur in the result, but believe respondent had, under the contract, the full period of two years within which to rescind.